**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **NINA GHIST,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**INTELEMEDIA PREMIER LEADS, LLC,** a Delaware limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Nina Ghist ("Ghist" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Intelemedia Premier Leads, LLC, ("Intelemedia" or "Defendant") to stop Intelemedia from violating the Telephone Consumer Protection Act ("TCPA") by making prerecorded advertising calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Intelemedia's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**INTRODUCTION**

1. Intelemedia provides phone based marketing services, including the delivery of pre-recorded voice calls to consumers' telephones.

2. Relevant to this case, Intelemedia makes pre-recorded calls to consumers using phone number 800-228-7676.

3. Intelemedia places these pre-recorded calls without prior express consent.

4. In Plaintiff Ghist's case, she received over 50 prerecorded calls from Defendant without having provided her prior express written consent to receive such calls. Even when Ghist tried blocking the unending pre-recorded calls, she continued to receive them on her voicemail.

5. In response to these calls, Plaintiff Ghist files this lawsuit seeking injunctive relief, requiring Defendant to stop placing pre-recorded calls to consumers without prior express written consent, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

6. Plaintiff Ghist is a Findlay, Ohio resident.

7. Defendant Intelemedia is a Delaware limited liability company headquartered in Plano, Texas.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and does significant business in the state of Texas, and because the wrongful conduct giving rise to this case was direct from this

## COMMON ALLEGATIONS

**Intelemedia Places Prerecorded Calls to Consumers Without Proper Consent**

10. In order for Defendant Intelemedia to place pre-recorded calls to consumers, it must, in effect, enter into an agreement with consumers to obtain their consent to receive such calls. To satisfy the TCPA's prior express consent requirement:

(a) The agreement must be in writing;

    (b) The agreement must bear the signature of the person who will receive the pre-recorded calls;

    (c) The language of the agreement must clearly authorize the seller to deliver or cause to be delivered ads or telemarketing messages via pre-recorded messages; and

    (d) The written agreement must include a clear and conspicuous disclosure informing the person signing that:

        i. By executing the agreement, the person signing authorizes the seller to deliver or cause to be delivered ads or telemarketing messages via pre-recorded messages; and

        ii. The person signing the agreement is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

11. To the extent Intelemedia purports to obtain consent from consumers, such consent is invalid because, among other things, Intelemedia never presents consumers with a written agreement authorizing Defendant to make future pre-recorded advertising calls.

12. Additionally, Intelemedia's purported attempts to obtain consumers' consent do not involve a "clear and conspicuous disclosure" that consumers will receive future pre-recorded advertising calls. To the contrary, Intelemedia intentionally obscures their disclosure by presenting it between other information during the middle of a phone call and intentionally speeding up the recording during the disclosure. On information and belief, Intelemedia intentionally presents the disclosure at a much higher speed than the language before or after it in order to mislead consumers into purportedly consenting to receive future pre-recorded messages without knowing what they are consenting to.

13. Finally, the consent language Intelemedia purports to present to consumers is confusing. For example, it implies that consumers are consenting to receive pre-recorded messages *only if* they win a contest hosted by Defendant. The message states "Here's the deal: If you win our biggest jackpot ever $1,000 we'll call you back at this number. Then, each week

you'll receive calls to play for more chances to $1,000. No purchase necessary." However, Intelemedia makes pre-recorded telemarking calls to consumers even if they do not win.

14. Not surprisingly, there is a multitude of online complaints about Defendant's prerecorded calls to consumers who never gave express consent to be called:

- "Just got a call from them today, they said i signed up for these calls, which i did not, idk im just blocking the number."[1]

- "Recording tell me that i can win 1000, how do you make it fraking stop?"[2]

- "They call up to give times a day its nerve wrecking I have tried everything from no cal request to blocking."[3]

- "nuisance call, scam money call"[4]

- "Intel Media saying i gave it permission and i did not. Offers to play to win money. Interrupts at work an home. Harrassment!! Stop them! They should be sued. I block their number and they leave messages every day"[5]

- "Sick of the calls! We are on the national do not call list. pLEASE make them STOP! Invasion of privacy"[6]

- "These people, whoever they are, have been calling my phone for months and won't stop. I added my number to the do not call list but they didn't help. Blocking them means nothing. Can I take some type of legal action against them?"[7]

## PLAINTIFF'S ALLEGATIONS

### Intelemedia Repeatedly Called Plaintiff's Cell Phone Number Using a Prerecorded Message Without Plaintiff's Consent

15. On December 6, 2018, Plaintiff Ghist began receiving prerecorded calls from Intelemedia using phone number 800-228-7676 on her personal cellular phone.

---

[1] https://800notes.com/Phone.aspx/1-800-228-7676/5
[2] https://www.everycaller.com/phone-number/1-800-228-7676/
[3] *Id.*
[4] https://www.shouldianswer.com/phone-number/8002287676
[5] *Id.*
[6] https://findwhocallsyou.com/8002287676?CallerInfo
[7] *Id.*

16. After receiving a few calls, Ghist tried calling back 800-228-7676 in order to try and speak with a live agent so she could get the unwanted calls stopped, but she was unable to speak with anyone.

17. On December 27, 2018 Plaintiff called back the number 800-228-7676 4 times in order to try and opt out of receiving any more calls. The opt out number given on that 800-228-7676 recording is said so fast and in the middle of the message, she could not write it down and call them.

18. Despite her attempted opt-out request, the prerecorded calls continued.

19. Ghist blocked 800-228-7676, but that did not stop Defendant from continuing to leave voicemails on Ghist's voicemail using up her voicemail's memory.

20. On January 25, 2019 at 12:57 Plaintiff called 855-358-0900 (the opt-out number) 5 times to try and opt out of receiving any more calls.

21. On or around January 27, 2019, Ghist tried opting-out again from receiving unwanted prerecorded calls from Intelemedia. The automated system indicated the fact that Ghist was already opted-out.

22. In total, Ghist received over 50 unwanted, prerecorded calls on her cellular phone.

23. Plaintiff never gave Defendant her prior written consent to receive prerecorded calls.

24. The unauthorized telephone calls made by Intelemedia, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Ghist's use and enjoyment of her cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

25. Seeking redress for these injuries, Ghist, on behalf of herself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded telephone calls to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded voice message, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff, or (b) Defendant did not obtain prior express consent.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

28. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant placed calls using a prerecorded message to Plaintiff and the members of the Class;

    (b) whether Defendant placed calls using a prerecorded message to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Prerecorded No Consent Class)

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint and incorporates them by reference.

33. Defendant and/or its agents made unwanted telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class using a prerecorded message.

34. These marketing telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Class to receive such telephone calls.

35. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to between $500 and $1,500 for each and every call from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ghist, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all prerecorded message calling activity that is being done without consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**NINA GHIST**, individually and
on behalf of others similarly situated

Dated: April 28, 2019

By: /s/ Daniel Baldree
Daniel Baldree (24078183)
The Law Office of Daniel W. Baldree, P.L.L.C.
1250 Hwy 96 S
Silsbee, TX 77656
Phone: (713) 446-1383
Fax: (409) 419-1058

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming